# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5271 | **DATE** | 1/16/2001 |
| **CASE TITLE** | Delores Kitchen et al vs. TTX Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Enter MEMORANDUM, OPINION AND ORDER:   Because we find all eleven plaintiffs to be prevailing parties, their attorneys are entitled to be paid reasonable fees by the defendant.  Therefore, the total attorneys' fee is $1,096,412.60.  Because TTX has already paid $93,685.16 in interim attorneys' fees, we now order it to pay the balance of $1,002,727.50 and $51,357.60 in expense reimbursement to the plaintiffs' attorneys.  This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 17 2001 | |
| | Notified counsel by telephone. | | date docketed | 321 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | DOCKETING | | |
| TSA | courtroom deputy's initials | JAN 17 AM 8: 22 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELORES KITCHEN, ROSE CAREY, )
SONDRA CAPLE, YVETTE RUTH, )
THEODORA ALEXANDER, )
MARION WASHINGTON, GAYLE )
ALLEN, CHERYL CARTER, )
DOROTHY TATUM, MARTHA )
BAYLOR and DEBORAH BROWN, )
)
              Plaintiffs, )
)     Case No. 97 C 5271
    v. )
)     Judge Wayne R. Andersen
TTX COMPANY, )
a Delaware Corporation, )
)
              Defendant. )

DOCKETED
JAN 1 7 2001

## MEMORANDUM OPINION AND ORDER

This case is before the Court to resolve the petition for fees filed by H. Candice Gorman,

Gregory X. Gorman and Catherine Caporusso, the attorneys for the plaintiffs in this action. Each

of the eleven plaintiffs accepted a Rule 68 Offer of Judgment made to each of them by the defendant

TTX Company, their employer. The parties submitted extensive briefs and the Court conducted a

hearing over four days with respect to this issue. The petitioners requested $1,308,153 in attorneys'

fees and $54,127.46 as reimbursement for expenses. We have concluded that the defendant should

pay to them a total of $1,096,412.60 as fair and reasonable attorneys' fees and $51,357.66 as

reimbursement for expenses.

## BACKGROUND

Eleven African-American female plaintiffs filed this lawsuit against their employer, TTX Company, alleging employment discrimination. All aspects of this lawsuit were hotly contested, including several briefed discovery disputes, many depositions, a motion for a preliminary injunction, three days of hearings on that injunction, and extensive motions for summary judgment.

On March 14, 2000, shortly before trial was scheduled to begin, TTX submitted a Fed.R.Civ.P. 68 Offer of Judgment to each plaintiff. The total offer to all eleven plaintiffs was $610,000. The individual offers were as follows: Alexander received an offer of $25,000; Carter received an offer of $30,000; Tatum received an offer of $25,000; Washington received an offer of $20,000; Carey received an offer of $150,000; Baylor received an offer of $160,000; Ruth received an offer of $60,000; Kitchen received an offer of $50,000; Allen received an offer of $30,000; Brown received an offer of $30,000; and Caple received an offer of $30,000. All eleven plaintiffs accepted the offers within the appropriate ten day period and on March 22, 2000, we directed the clerk of the court to enter judgment against TTX in the above amounts.

TTX has paid each judgment. Therefore, the only issue that remains is our determination of appropriate attorneys' fees. An interim petition for attorneys' fees was fully briefed and argued and on June 30, 2000, we ordered an award of fees of $93,685.16, which has been paid and which will be deducted to determine the final amount owed by the defendant.

The petition requests $1,308,153 in attorneys' fees. In their petition, plaintiffs' attorneys divide their hours by attorney, phase of the litigation and specific subject matter. The attorneys spent 550 hours on pre filing investigation and initial proceedings, 1400 hours on discovery, 1170 hours on preparing and filing motions, and 300 hours on trial preparation. H. Candice Gorman billed 1560

hours and requested a hourly rate of $325 per hour, Gregory X. Gorman billed 1,223.22 hours and

requested a hourly rate of $325 per hour, and Catherine Caporusso billed 1712 hours and requested

an hourly rate of $190 per hour. Plaintiffs' attorneys also requested $54,127.46 in their bill of costs.

## DISCUSSION

The parties fully briefed the issue of attorneys' fees, and we held a four day hearing solely

on that issue. In this opinion we will focus on the objections which TTX argued at the hearing, but

we have analyzed and rejected all of TTX's other objections.

### I.     Prevailing Parties

TTX argues that all eleven plaintiffs are not prevailing parties. First, TTX states that eight

of the eleven plaintiffs accepted judgments less than ten percent of the dollar amount originally

demanded. Second, TTX states that those eight offers were equivalent to the nuisance or trial values

of the cases. Third, TTX argues that the plaintiffs are not prevailing parties because the language

included in its Rule 68 Offers did not admit liability. Cleary v. Martino, 982 F.Supp. 639, 640 (E.D.

Wis. 1997). The Rule 68 Offers by TTX stated that "[t]he offer of judgment is made for the

purposes specified in Fed.R.Civ.P. 68, and is not to be construed either as an admission that

Defendant is liable in this action, or that [plaintiff] has suffered any damages."

Although TTX is correct and plaintiffs received judgments lower than their initial demands,

and in some cases significantly lower, we find that all eleven plaintiffs received substantial

compensation. The fact that the final recovery is arguably less than ten percent of the dollar demand

is one factor that we have seriously considered in coming to our final fee determination. The

Seventh Circuit, however, has made clear that the fact that a recovery is less than ten percent of the

demand will not be a determinative factor in awarding fees. TUF Racing Products, Inc. v. American

Suzuki Motor Corp., 223 F.3d 585, 592 (7th Cir. 2000); Perlman v. Zell, 185 F.3d 850, 859 (7th Cir. 2000). In TUF Racing, the Seventh Circuit stated that, if a plaintiff "scales back" her request, the ten percent "rule" need not be dispositive. In this case, the parties engaged in extensive settlement negotiations. The Rule 68 Offers represented more than half of plaintiffs' final total requests. Although the disparity between the demand and the recovery is a factor in our decision, it will not be determinative.

TTX argues that eight of the offers were nuisance value settlements. After a thorough review of the record, we disagree. The Rule 68 offers represented a substantial financial recovery to each plaintiff. Although the individual amounts (and perhaps even the total) might have amounted to nuisance value when the suit was filed, they were well above the costs of defense at the time they were made. This Court believes that the defendant included some anticipated risk of loss when setting the amount of the offers. Given the extensive pretrial preparation that had taken place and the immediacy of the trial itself, it would not have cost $610,000 to try these cases. The plaintiffs did not accept the original demand of TTX that they rescind their other claims, sign confidentiality agreements, or, for those still employed by TTX, resign. Thus, the final offers of judgment made by TTX included substantial concessions by TTX. Furthermore, the attorneys' fees themselves are higher than a nuisance value sum.

Finally, TTX argues that the language in its Rule 68 Offer proves that the plaintiffs cannot be prevailing parties. This argument is incorrect. The language involved in the Cleary decision was only one factor which the Court analyzed for determining whether the plaintiff prevailed. Cleary, 982 F.Supp. at 640. Another factor in Cleary was that the plaintiff only recovered $2,000. Id. The plaintiffs here received more than a nominal recovery.

4

II.     "Unsuccessful" Arguments

TTX argues that the plaintiffs should not be compensated for unsuccessful arguments. It argues that the time spent preparing the motion and hearing for the preliminary injunction and the unsuccessful discovery disputes should be excluded. Attorneys' fees for related claims may be reduced, after an exercise of our discretion, if there is limited success on the claim. Moriarty v. SVEC, 2000 WL 1741683, *5-6 (7th Cir. 2000). However, we have been cautioned not to divide a case into a series of discrete claims because attorneys are not likely to divide the hours expended on a claim by claim basis. Hensley v. Eckerhart, 461 U.S. 424, 435 (1983); Jaffee v. Redmond, 142 F.3d 409, 413-14 (7th Cir. 1998). "A losing argument in support of a successful claim for relief is fully compensable time." Kurowski v. Krajewski, 848 F.2d 767, 776 (7th Cir.), cert. denied, 488 U.S. 926 (1988). The contested motions informed the Court, and were reasonable both in terms of content and time spent. Because the plaintiffs prevailed in the overall lawsuit and the motions were reasonable, we will not deduct the time spent on plaintiffs' unsuccessful legal efforts.

III.    Contemporaneous Time Records

TTX claims that the hours should be reduced because plaintiffs' attorneys failed to use a computer program to enter contemporaneous time records. As a result of testimony during the four day hearing, this court is convinced that the attorneys did keep contemporaneous time records and provided the legally required record of that time to TTX. Furthermore, this court is aware of no precedent requiring time records to be kept on a computer program.

IV.     Calculation of the Fee

We must determine the hours reasonably expended on the litigation and multiply that number by a reasonable hourly rate. Hensley, 461 U.S. at 433. That analysis results in the "lodestar." The

party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. Id. We have an independent obligation to "exclude from this initial fee calculation hours that were not 'reasonably expended'" on the litigation. Id. at 434. Then we may increase or decrease the fee award considering a number of factors including the degree of success obtained and the overall social benefits of the case. Id. at 436-37; Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 558 (7th Cir. 1999).

We have extensively studied the hours submitted by plaintiffs' attorneys and their testimony during the four day hearing. We believe that they avoided duplication of effort. Because this court finds that they had already removed any duplicative or unreasonable hours in the petition submitted to us, we accept their number of hours as reasonable. Defendant argues that Catherine Caporusso's presence at a number of depositions was not required. The testimony showed that her presence was necessary for the effective preparation of the trial team. Moreover, her presence made her more effective in reviewing documents and, since her rate was less than that of the other attorneys, her presence at the depositions probably resulted in a lower total fee request. Therefore, we will not strike any of her hours. Defendant also argues that plaintiffs' counsel billed too much for writing letters and non-attorney work, such as photocopying. After considering these arguments, we find that plaintiffs' counsel were reasonable in both these areas. Therefore, we will accept the total hours. We hold that H. Candice Gorman should be compensated for 1560 hours of work, Catherine Caporusso should be compensated for 1712 hours of work and Gregory Gorman should be compensated for 1223.22 hours of work.

(We note, parenthetically, that the hours billed by defense counsel to TTX exceeded the hours for which plaintiffs' attorneys have sought compensation, and the dollars paid to defense counsel

exceed the amount requested by the plaintiffs' attorneys. Moreover, during the course of this lawsuit the Court observed that in-house counsel for TTX made extremely valuable and time consuming contributions to the defense of the case; none of this in-house counsel time was included in the billings made by defense counsel to TTX. Although these observations are certainly not decisive with respect to the Court's determination of the reasonableness of the request made by plaintiffs' attorneys, they are a very strong indicator that the time spent and the amount requested by the attorneys for the plaintiffs are well within the realm of reasonableness.)

We have determined the hourly rate for all three attorneys with reference to the number of years they have practiced, their overall experience during those years, fees that other courts have set in the past, our own independent observation of their performance, and evidence submitted pertaining to the fees for other similar practitioners. We determined that H. Candice Gorman is entitled to $295 per hour, Gregory X. Gorman is entitled to $240 per hour and Catherine Caporusso is entitled to $185 per hour. Multiplying the number of hours by the hourly rate results in a lodestar figure of $1,070,492.60. In addition, plaintiffs are entitled to the reasonable sum of $25,920 for the work of paralegals and externs. Therefore, the total fee lodestar is $1,096,412.60.

Finally, we must determine whether the fee is reasonable given the degree of success obtained. We believe the fee is reasonable. There is no mechanical rule requiring that a reasonable attorneys' fee be no greater than the recovery. <u>Connolly v. National Sch. Bus Serv.</u>, Inc., 177 F.3d 593, 597 (7th Cir. 1998). We have considered the question of proportionality. All plaintiffs have received a substantial recovery. Furthermore, some of the plaintiffs remain employed by TTX and some have retained their rights to press forward with other claims. As we noted above, the offers of judgment do not represent nuisance value settlements, all plaintiffs prevailed and the plaintiffs'

attorneys performed well for their clients. Finally, the argument for reducing the lodestar is most compelling if the fees are some large multiple of the recovery. Id. That is not the case here. Therefore, we will not reduce the lodestar simply because it is larger than the recovery and we determine that the total fee award is $1,059,260.60.

V.    <u>Costs</u>

TTX challenges the bill of costs in several ways. TTX argues that the expenses associated with Christopher Ross' services should not be compensated. Second TTX argues that they should not have to pay for the demonstrative exhibits. Third, TTX argues that they should not have to pay for the expenses which plaintiffs' attorneys cannot document. Finally, TTX argues that, based on whether all plaintiffs are prevailing parties, it should only pay a pro rata share of the remaining expenses.

Christopher Ross, H. Candice Gorman's husband, compiled statistical data for use by plaintiffs' expert Dr. Skoog. Dr. Skoog prepared a statistical analysis which attempted to establish that race played a role in promotions within TTX. Although the Magistrate Judge ultimately barred the use of Dr. Skoog's opinion, and, therefore, no reimbursement is sought here for payment to him, we do believe that the compilation of data for his use was reasonable. Therefore, we will permit reimbursement for the services of Christopher Ross.

TTX argues that it did not know about the demonstrative exhibits when it made the offers of judgment. TTX made the offers on the eve of trial. Plaintiffs were reasonably preparing for a jury trial by creating demonstrative exhibits for the jury. This is a reasonable practice and TTX has advanced no authority to suggest that the touchstone of awarding costs is whether defendant was

aware of the expenditure. Therefore, we award plaintiffs $12,680 for the creation of demonstrative exhibits.

TTX argues that plaintiffs should not be compensated for expenses which plaintiffs cannot document. We agree. Plaintiffs' attorneys have been unable to document several expenses including taxi cab fares and some deposition transcripts. Plaintiffs' attorneys have a responsibility to account for their expenses. Because they are unable to do so here, we grant defendant's objection and disallow $2,769.80 in expenses.

TTX's final argument is that plaintiffs should only be entitled to fees for the prevailing plaintiffs. Because we determined above that all plaintiffs prevailed in this action, we will not consider whether we would have divided the expenses on a pro rata basis. Plaintiffs' attorneys are entitled to all the reasonable fees.

## CONCLUSION

Because we find all eleven plaintiffs to be prevailing parties, their attorneys are entitled to be paid reasonable fees by the defendant. Therefore, the total attorneys' fee is $1,096,412.60. Because TTX has already paid $93,685.16 in interim attorneys' fees, we now order it to pay the balance of $1,002,727.50 and $51,357.60 in expense reimbursement to the plaintiffs' attorneys. This is a final and appealable order.

It is so ordered

Wayne C. Andersen
/ Wayne R. Andersen
United States District Judge

Dated: January 16, 2001