# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5271 | **DATE** | 5/23/2001 |
| **CASE TITLE** | Kitchen et al vs. TTX Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Motion to supplement [322-1] fees is granted in part and denied in part. Defendants are directed to pay plaintiffs $70,005.50 in supplemental attorneys' fees and costs. We will accept no further petitions for attorneys' fees. This case is terminated.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAY 24 2001 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |
| TSA | courtroom deputy's initials | 01 MAY 23 PM 4:10 date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DELORES KITCHEN, ROSE CAREY, )
SONDRA CAPLE, YVETTE RUTH, )
THEODORA ALEXANDER, )
MARION WASHINGTON, GAYLE )
ALLEN, CHERYL CARTER, )
DOROTHY TATUM, MARTHA )
BAYLOR, and DEBORAH BROWN, )
    )
        Plaintiffs, )
    )   No. 97 C 5271
    v.  )
    )   Judge Wayne R. Andersen
TTX COMPANY, )
a Delaware Corporation, )
    )
        Defendant. )

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on Plaintiffs' Motion For Supplemental Fees and Costs in the amount of $103,450.10. For the following reasons, plaintiffs' motion is granted in part and denied in part. TTX is ordered to pay $70,005.50 in supplementary fees and costs.

On March 22, 2000, all eleven plaintiffs, alleging employment discrimination, accepted Rule 68 Offers of Judgment in this case. On May 19, 2000, plaintiffs filed a petition for attorneys' fees and costs. The petition was fully briefed and we held four days of hearings. On January 16, 2001, we granted the petition in part and denied the petition in part. We held that all eleven plaintiffs were prevailing parties and ordered the defendants to pay, $1,096,412.60 in attorneys' fees and $51,357.60 in costs, a sum that we determined to be reasonable. On January 29, 2001, plaintiffs filed the instant



motion. In this motion, plaintiffs seek the fees and costs related to preparing for the initial fee petition.

The decision of whether to allow the filing of a supplemental request for attorneys fees is governed by equitable considerations, which we may weigh at our own discretion. United States v. Eleven Vehicles, 200 F.3d 203, 210 (3rd Cir. 2000). Plaintiffs filed their request within two weeks of our decision to grant attorney fees. However, there is no reason that they could not have supplemented the record and filed this request at any time. Because we are able to quickly decide this motion and because defendants have not been prejudiced by the passage of time, we will allow plaintiffs to request supplemental fees. However, given the fact that portions of this case are already being considered on appeal, we will not entertain future or serial requests for supplementary fees in this case.

In arguing that plaintiffs are not entitled to attorneys' fees, defendant reiterates several previously decided arguments. These issues were decided in our January 16, 2001, Memorandum, Opinion and Order. However, defendant also makes several arguments specific to the supplemental petition. Defendant argues that some fees should have been included as part of the original petition, plaintiffs seek duplicative and excessive fees, and plaintiffs seek a higher rate than we decided was appropriate. We will grant plaintiffs the identical rate which we determined should be applied in our previous ruling and agree, in part, with defendant's further arguments.

Plaintiffs submit time records as an exhibit to their motion. The time records include a number of entries dated before the submission of their May 19, 2000, petition. Defendant argues we should deny all entries before May 19 because plaintiffs were under the obligation to report that time in their earlier petition. Plaintiffs argue that they inadvertently failed to include some of the time and

that they could not keep current up to the moment of the filing of the original petition. Exercising our equitable power here we hold that plaintiffs should have included, in their original petition, all time entries except for a reasonable period before the filing of the petition. We hold that, in this case, such a reasonable period is two weeks. Therefore, we disallow all entries before May 5, 2000.

Plaintiffs argue that they had to send their brief to the binder, but two weeks is more than a sufficient amount of time for plaintiffs to have sent their briefs to be bound and we will not accept the excuse that plaintiffs could not have planned better. Therefore, we disallow 74 hours, billed before May 5, 2000, which plaintiffs included in their bill at a total of $23,280.

Defendants also argue that plaintiffs submitted time entries which duplicated entries in their original petition. All alleged duplicative entries were in the period we disallowed above. Thus, we need not consider this argument.

Defendants argue that plaintiffs spent an excessive amount of time in preparation for this litigation. After our above calculations, H. Candice Gorman has billed 98.5 hours, Gregory X. Gorman has billed 40 hours, Catherine Caporusso has billed 83.25 hours and James P. Chapman, an independent attorney hired for the fee litigation, billed 53.15 hours. Therefore, for the fee litigation, 191.65 hours were billed at partner rates and 83.25 hours were billed at associate rates for a total of 274.9 hours at $69,295.50. We note that the attorneys' fees litigation in this cases constituted a separate lawsuit for over a million dollars and feel that the expenditure of attorney time was reasonable in light of the number of documents which required review and the number of various legal issues raised by the defendant.

Defendants also argue that plaintiffs' time records do not match each other. They reference eleven instances that individual attorneys billed different amounts of time for the same series of

events or meetings. Defendants argue that the entirety of the discrepancy should be disallowed. Plaintiffs respond that different individual attorneys were at meetings for different amounts of time. Further, plaintiffs argue that differences in billing rates account for the distinction. H. Candice Gorman's smallest billing period is fifteen minutes, but Chapman bills in six minute intervals. In all but three cases, we agree with plaintiffs. However, there are three conferences which are unexplainable by plaintiffs arguments and, therefore, we reduce plaintiffs hour total by 1.5 hours.

Therefore, we find that H. Candice Gorman is entitled to compensation for 97 hours at a hourly rate of $295. Gregory X. Gorman is entitled to compensation for 40 hours at a hourly rate of $240. Catherine Caporusso is entitled to compensation for 83.25 hours at a hourly rate of $185. James P. Chapman is entitled to compensation for 53.15 hours at an hourly rate of $295. The total supplemental attorneys' fee is $69,295.50.

Plaintiffs have also submitted receipts detailing $710.10 in costs for copying, transcripts and a trial exhibit. All three are reasonable expenditures and, therefore, are allowed.

## CONCLUSION

Defendants are directed to pay plaintiffs $70,005.50 in supplemental attorneys' fees and costs. We will accept no further petitions for attorneys' fees. This case is terminated.

Wayne R. Andersen
United States District Judge

Dated: May 23, 2001

4